Good morning. We have three cases this morning and the first we have is number 09-2144 Miller et al v. Skumanick, which is now Mitchell. Mr. Donohue and Mr. Paulson. Michael Donohue Good morning, Your Honors. May it please the Court, my name is Michael Donohue and I represent George Skumanick, now former District Attorney of Wyoming County. Now he was sued in his official capacity, so it would now be Mr. Mitchell under Rule 25, right? That is correct, Your Honor. So now the, since it is, since the real party in interest is the District Attorney's office, although there has been no change in the record, the real party in interest is District Attorney Jeffrey Mitchell. And if the Court please... So the caption ought to be changed, right? Excuse your... The caption's got to be changed, right? Yes, Your Honor. The, now one of the things we saw in the briefing is that with respect to the three young ladies, we have Doe, we have Kelly, and we have Miller. With respect to the latter two, Kelly and Miller, I understand that there is a statement that you will not prosecute no matter what. Is that correct? That is correct, Your Honor. Based on the evidence that was brought forth, including the hearing before Judge Munley, District Attorney Skumanick, and I am confident that District Attorney Mitchell will not be prosecuting the latter two minors. And our point of view is with regard to them that the case is now moved. Is there anything you think you need to do or will do formally to make sure that that is entered on the record? I can... I mean, other than obviously you stated it today. I can make that representation that it will be so entered on the record. Okay. And then what about Ms. Doe? We intend to go forward with the appeal. We think there is a viable cause of action against Ms. Doe. Okay. And, Your Honor, before I forget, may I request one minute... When you say we, you're talking about the current administration. Yes, Your Honor. I think you were asking for a minute, Rebuttal? Yes, that's fine. Okay. Although former Chief Judge Becker always used to say, what can you say in a minute? So we'll probably end up giving you a little more time than a minute. Probably nothing, Your Honor, but... But you begin by bringing us up to date a little bit on what, I mean, this case has been, was filed ten months ago. Yes, Your Honor. Is it currently scheduled for trial? No, Your Honor. No, Your Honor. Presently, we are here on an appeal of Judge Munley's preliminary injunction, which prohibited the District Attorney's Office from taking any steps to bring any charges against either of the minor, any of the minor plaintiffs. And I would have thought that if what your interest here was really to prosecute a criminal case, you would have pressed on, well, you would have pressed on in your investigation and found out whether you had a case or not. Yes. And then you would have said, Court, I want a hearing on the merits because I can convince you that my interest here is in fulfilling the duties of my office... Well, Your Honor... ...and not enforcing anybody in a coerced speech or et cetera. It's absolutely the case, Your Honor, but because we felt that the conclusions and opinion of Judge Munley and his order imposing an injunction on the District Attorney's Office in Wyoming County was erroneous, that's why we pursued this appeal. And I don't believe that any further action can go forward in the lower court while this appeal is pending. You can't continue to investigate? I mean, the injunction only deals with prosecution. You can't get ready if you win? No, I didn't suggest that, Your Honor. I didn't suggest that there cannot be any investigation. And with regard to that investigation, I can only report that, although I haven't spoken on the merits, with the new District Attorney Mitchell who was sworn in a couple of weeks ago, that District Attorney Skamanek was comfortable with his ability to go to trial if he was permitted the opportunity to do so. Without getting into the specifics, I mean, has the investigation continued? I believe it has, Your Honor. I cannot report on the specifics of the investigation. No, I'm not asking you to do that. But I believe it has continued. As I understand, Judge Munley, the reason he entered a preliminary injunction to hold things where they were until you could get to trial was because he said the record doesn't suggest that you had probable cause for a prosecution under the statute. And therefore, a jury could draw the inference that that's not what you're really interested in here. If you could get to trial and you have the information necessary to convince the judge that you do have probable cause, then you've got a different case, it seems to me. Well, Your Honor, this was an extraordinary case of a preliminary injunction proceeding brought in federal court asking the federal court to enjoin a criminal prosecution in a county criminal court, juvenile court. And under those circumstances, it is the plaintiff who bears the heavy burden to convince the court that there is a strong probability of success on the part of the minor criminal defendant and no probability of success on the part of the district attorney. It is not the district attorney's burden to prove his case. It is the minor plaintiff's burden to prove that there is virtually no chance of success. And in this case, with regard to Ms. Day, the essential fact is that she didn't show up for the hearing. She didn't come to the hearing. She didn't offer any testimony concerning her innocence. She did not say that she was not involved in the transmission of the photograph of her containing nudity, depicting nudity for the purpose of sexual gratification or stimulation. We don't really know how this picture got out, do we? The only thing that you said to the judge was, the judge said, you know, if you had probable cause here, you'd have a different case. But all you've got is a picture of somebody partially naked, and two years later it turns up on somebody's cell phone in school. And that doesn't, he said, that doesn't constitute probable cause to think that this lady, it was in the picture, young lady, violated the statute. What we do have is a picture containing nudity of Jamie Day, transmitted electronically to one or more of her junior high school classmates. She and 20 other girls transmitted electronically to their junior and senior high school classmates. And the complaint in this case indicates that the investigation of the school district who initiated this reached the conclusion that the girls had transmitted it to a certain number of boys, and that the junior high school boys, as they are wont to do, were trading pictures of the naked girls among themselves. Okay. Can you give me a record cite on the, you're telling the court that you knew that she had transmitted this picture? I can report, I can cite to the plaintiff's complaint where it alleges that the school officials who had brought the district attorney in had investigated and reached that conclusion. But again, Your Honor, I think we're, respectfully, might be losing sight of the burden of proof in a preliminary injunction hearing. Well, you can, let's go away from the picture for the moment. Okay. What the students and the parents who objected were saying is that we have a constitutional right to control our children's education and upbringing. And clearly the Supreme Court in Troxell says that's the case. Our opinion in Grunke says that's the case. And in addition, we have a constitutional right not to attend this education or reeducation program and to write or have compelled the speech that what we did was wrong. We have that constitutional right to say we don't want to do that. We won't do that. And the question here becomes then how do you protect those two constitutional rights? And so rather than focusing on the way you're focusing on, what they're saying is that if you proceed, your threat of prosecution is chilling our rights. And we have a right to have a court enjoin that. And that's, in effect, what I understand was before Judge Motley. At least that's the way he seemed to be approaching it. Judge Ambrose, let's take those one at a time. Okay. With regard to the parents' right to control the education and the upbringing of their parents, there is such a right. Their children, you mean. There is such a right, but it is limited. And when you reach the point where the children are violating the law by disseminating. No, no, no, you're missing my point. My point is that we are not going to that education program. We don't believe that what we did was wrong, and we're not going to put anything in writing saying that what we did was wrong, even if it's to avoid prosecution, although we want to avoid it. The only way that we know that we can avoid it is if we go to court. That's correct, Your Honor. I think my opponent makes the circular argument that there was a threat of prosecution. There was an offer of pretrial diversion, informal adjustment, to go to a course where the Victim's Resource Center would provide information to these kids about the dangers of sexual predators and the dangers of sexual violence and the danger that these photographs bring. And that if you wanted to avoid prosecution, you could go to this informal adjustment. There would be no charges. There would be no record. And that is how we would proceed. The court, the district attorney did not force them or require them to go to that course. The district attorney said we're prepared to proceed with a petition for delinquency. But it's an offer with a stick. That is, you don't go, you get prosecuted, right? Yes, Your Honor, absolutely. And so what they're attempting to do is enjoin Mr. Mitchell from retaliating against them by bringing criminal charges against them for exercising their right not to attend the education program. I disagree with that, Your Honor, in that the education program and the admission of wrongdoing that the girls were going to be required to write an essay indicating that it was unwise to send these photographs, that every pretrial diversion program, every probation program, in juvenile and in adult law requires, as its start, an admission by the person seeking admission into that probation or diversionary program that what they did was wrong. The district attorney was threatening prosecution because of what they did with regard to disseminating the pictures. The requirement to attend the course was a diversionary, probationary program like every other one which criminal defendants are offered to avoid criminal prosecution. If the families and the girls were so certain that what they had done was not wrong, and they, like every criminal defendant, they had the opportunity to go into juvenile court with counsel in a closed, non-public proceeding and defend themselves against these charges before President Judge Banston. That was their, the requirement, I think the requirement of a, of objecting on the First Amendment grounds to the probationary program is misplaced because the threat of prosecution was as a result of the violation of the statute, not as a result of any refusal to admit wrongdoing. Go ahead, Mike. Well, the program's more than just writing, you know, that I was wrong. You know, there's other things like, what's it like to be a girl in today's society? There was six pages of, the curriculum is attached to the complaint. And it is primarily by the Victims Resource Center to talk about sexual violence, sexual harassment, the fact that naked images of children dispersed on the Internet draws predators the same way as a swamp draws mosquitoes, and that it is very dangerous to do that. But back to Judge Chigares' question, should we allow the state to force children by threatening them with prosecution to attend education programs expounding a particular government official's views on what it means to be a girl in today's society? That was one of the courses offered by the Victims Resource Center, what it means to be a girl, sexual self-respect, sexual identity, holding yourself out with self-respect. But that's all from the DA's point of view, right? As the elected law enforcement official, it was the appropriate probationary program. Is that appropriate? Yes, Your Honor. I think it is a very, I mean, it is, I don't think there was an objection on constitutional grounds, or I don't think that was the basis of Judge Munley's, any objection to any particular point in the probationary program. Well, he did talk about two constitutional grounds or two that I noted. I mean, the point is that our case law allows schools leeway as secondary teachers of our nation's children. And the primary teachers are the parents. But I don't know of anything that says that a district attorney's office is allowed to, in effect, play the role of teacher. No, I agree with that, Your Honor. But the district attorney is allowed and directed to enforce the laws of Pennsylvania. And when he finds that kids in his district are circulating nude pictures of themselves  he is correct and appropriate to take action to stop that. Because those, what Your Honor, what this court asked for a supplemental briefing on was the dissemination of the pictures themselves. That was one of the complaints, and we just wanted to get some further expounding of, or teasing out, if you will, of what that claim has meant. But what we've got back from them is saying, look, what we're focusing on are the things that I've noted before. The parents' right to control the upbringing of their children and the absence of coercion from compelled speech. And those cases, my red light is bumping. Linda, why don't you add five more minutes, please? Okay. But the cases emphasize that the First Amendment rights of children are not concomitant with those of an adult. Children are immature. Children are vulnerable. The entire basis of the Juvenile Code is to protect children from the self. But in effect, the parents are saying, we agree that my child should not attend this education program, and it's part of our right as the parent to deal with that. And it isn't a district attorney's right to compel them attending with the understanding that if they don't attend, they will be prosecuted. They have every right to say that and reject the probationary program set up by the district attorney. But the alternative to that is to face the music with regard to the consequences of the dissemination of naked pictures of themselves electronically, and they can defend themselves with counsel before the Court of Common Pleas of Wyoming County. And while the cases say, regarding the First Amendment rights of children, that the basis of the juvenile statute is to protect children from themselves, the bad judgment of children. And we don't let children drive cars. But if your goal is to protect the children, and you talked in your brief at one point about there being victims out there, and you mentioned it here. If that's your goal, is to protect them, then why threaten by prosecuting them, putting a permanent blot on their escutcheon for life? Because, Your Honor, the purpose of the juvenile criminal law is to protect children from themselves and from others. We don't allow children to drive automobiles or play with explosives because they can do terrible damage to themselves and to others. When kids disseminate pictures of themselves through the Internet, they are putting themselves and other children at risk. And that's why the district attorney took absolute strong action in facing this widespread situation at the Tunkhannock Middle School that this had to stop. Let me ask you. I mean, it appears that a lot of the briefing and the complaint in this case, really it's an attack on core speech and parental rights. And obviously Judge Munley agreed. Now, looking then to the form of the injunction, it says you can't prosecute. Shouldn't the injunction have been more keyed toward the program if there was an objection to it? Yes. I didn't read in Judge Munley's opinion strong objections to any particular part of the program. It was that he didn't feel that there was he felt that the plaintiffs had met their burden to prove that they had a strong chance of success on the merits and that they could warrant the interference by the federal court in the ongoing criminal prosecution in Wyoming County. And given Ms. Day's failure to show up for the hearing, offer any testimony denying that she had, in fact, disseminated those pictures, I think that finding was erroneous. Well, what I'm saying is that basically, as I read Judge, Judge Munley's opinion is that your education program is not an appropriate informal adjustment. Now, the injunction reads a little bit differently. It says you can't prosecute at all. Is it overly broad? It definitely is overly broad. I mean, the district attorney testified that there were other charges that might be brought besides the child pornography charge, although that statute has been upheld in its entirety and it directs action to persons, not necessarily adults, not only adults, but children. I keep coming back. The statute imposes criminal penalties to protect children. Absolutely, Your Honor. And my concern is you're flipping it so that the same statute is used to prosecute and punish members of the very class the statute is aimed to protect. Well, Judge, if a kid was prosecuted for playing with explosives or drinking alcohol or driving a car, it was because he could damage other people by drunk driving or by blowing up a bomb, but that he could almost definitely injure themselves. But, I mean, the mere fact that the harm that comes might be against that particular child doesn't mean that that statute cannot be the basis of a delinquency petition before the juvenile, under the juvenile law. And I, my red light is blinking. No, go ahead. I'm sorry. I understand what you're saying, and you say we could prosecute him under all sorts of things, et cetera. Yes. Do you think that Judge Munley would have reached the same decision that he reached preliminarily if you had demonstrated to him that you had probable cause to believe that this young woman had violated a criminal statute? Well, Your Honor, I must say respectfully that since Judge Munley signed that order in favor of Ms. Day and it's a case where Ms. Day had the burden of proof and Ms. Day didn't show up, I'm not sure what we could have said that would have changed Judge Munley's decision. What was the basis for your claim that there was probable cause to charge? Excuse me, Your Honor? What was the basis for your claim that there was probable cause to charge her with possession or distribution of child pornography? The existence of that photograph, Your Honor, the presence of that photograph on the cell phones of one or more of her junior high school classmates, and I would suggest, Your Honor, that it was not our burden to show probable cause. This was not a preliminary hearing or an omnibus hearing in Wyoming County Court. It was a hearing with one day's notice to the district attorney in which the plaintiffs had the strong burden of proof. And you have, your investigation has shown that she's the one who actually transmitted it because the mere possession of pictures of nude minors without more is protected speech under Ferber and Osborne, right? Well, but... So, I mean, you're saying that there has to be something that was done in addition to that, which I guess was the transmission. That's right, Your Honor. Were we in a position at that time to prove the transmission? As an officer of this court, I can't make that representation. I can only, again, respectfully remind the court that at that hearing, we weren't the ones with the burden of proof. And I'll sit down only with the respectful request that the court take a careful consideration and look at this case because every district attorney awaits the court's decision. And sadly, I fear that every child molester does as well. All right. We'll get you back on rebuttal. And when we do come back on rebuttal, Linda, we'll put three minutes on instead of one. Mr. Volchek. By the way, while we're waiting for Mr. Volchek to get prepared, after this oral argument, if you would get together, counsel, with the clerk's office and have a transcript prepared of this oral argument and split the cost, please. Good morning. May it please the Court, Vic Volchek for the American Civil Liberties Union of Pennsylvania on behalf of the appellees. There's a lot of territory, obviously, covered in questioning of Mr. Donohue. But I think at root what we have here is a district attorney's office that has a fundamental misunderstanding of child pornography laws. And, you know... Can I just ask you, see if I can play this through. The normal way that I understand that one would challenge this constitutionally is that there is a statute or statutes out there that a prosecutor claims that he can prosecute your client. And you believe that that statute is unconstitutional if it's enforced. And you believe you have constitutional rights here, the parents to have the primary right to control the upbringing and education of their children and two, to be free of compelled speech. What would you normally do in that type of circumstance as a constitutional lawyer? Your Honor, and a third right, which is that the prosecutor is trying to prosecute without probable cause and images that are constitutionally protected by the... So how would you go about that? Your Honor, I mean, I suspect that what Your Honor is driving at is that the charges could be brought and then you could raise a constitutional defense. No, I mean, there are cases that say that you can enjoin pre-enforcement of a statute. My guess is that your problem there is that the Pennsylvania Supreme Court has said that these statutes are constitutional. Right, but just because a statute is facially constitutional doesn't mean that it's not being applied in an unconstitutional fashion. And it's clear, you know, Alley v. Medrano is a perfect example of the Supreme Court saying just because a statute is facially unconstitutional, you can't enjoin a clear unconstitutional application of that statute. And that's what's going on here. You know, as Your Honor notes, I mean, Woolley v. Maynard and Steffel v. Thompson are very clear that given this situation where you've got a prosecutor who's got absolutely no probable cause to sustain a criminal conviction is inappropriately threatening to bring charges, it is perfectly appropriate to go into federal court to enjoin that action. And as Judge Stapleton noted in Focus v. Allegheny County years ago, which actually involved an injunction against a common pleas judge, there is no case law out there saying that just because you may have some remedy in state court or you can fight this in state court that somehow now Younger applies or that the federal court doesn't have jurisdiction. Federal court absolutely had jurisdiction and we think Judge Thompson is right. Let's just take out the offer of the education or reeducation program. You know that there is a DA who's upset with what happened here and is saying that I'm going to prosecute, I'm going to bring an action. What would you do there in that case? I'm going to bring it next week. So they come to you, this is on a Friday, you understand something's going to happen likely next week, and what would you advise them to do in that case? Would you bring it pre-enforcement action? I think it depends how clear it is, and in this case I think it is perfectly clear. I don't, you know, just as in Lassoin or Doe v. Chamberlain where you had photographs of fully nude young ladies and the court looked at those in both of those cases, one analyzing it under the federal child pornography statute and then Lassoin, which is not precedential. Yes, the problem with Lassoin, it's a great case, but it's not precedential. You can cite it, I can't for some reason. Right, well, and I cite it, but I am acknowledging that it's not precedential, but the same photos were viewed in Doe v. Chamberlain, which is precedential, and there they were analyzed under the standards of federal child pornography statute, which is perhaps a little bit differently, but in both of those cases the court said as a matter of law there simply is not probable cause to believe these photos, which involve full frontal nudity of teenage girls, and there's more than one in those photos can possibly be child pornography, and that's the same here. I mean, you don't have pubic area, much less any genitalia exposed here, and I think, Your Honor, the fundamental misunderstanding that I think the DA's office has here came to light, in fact, in the brief that was filed this week, the supplemental brief, and on page five, and, you know, this kind of, the bell went off at least in my head because we'd been mystified how anybody could look at these two photos and say these are second-degree felonies which can be punished up to 10 years, and I'm looking at the first sentence in the second paragraph. Problem of sexting? Yes, the problem of sexting is well known, and it is a growing phenomenon, and the only purpose in sending these kinds of photos or depictions is for the sexual gratification or stimulation of the viewer. Now, sexting is a vague term, so that covers everything from the lovely to the laughable to the lewd and the insidious. Yeah, but I think what Mr. Donahue would say is that's the DA's right to bring that, and it's the jury will decide if that's true or not. Your Honor, then, the DA cannot bring charges or threaten to bring charges where there is no probable cause to sustain those charges when it involves constitutionally protected speech, and these images are constitutionally protected, or that you are otherwise... But what you're saying, but what you said in your supplemental brief, at the bottom of page two, top of page three, is, look, let's focus on what we're really asking about. We're really concerned about the constitutional right of parents to control the upbringing and education of children and the right to be compelled from coerced speech. Your Honor, that, too. If there's no probable... I mean, this is Hartman versus Moore. Well, yeah, you're right. But there you do need probable cause. Right, and there's no... You're saying that, too, that that seems to be the focus of your paper. I mean, it seems like what you're saying... I think you'd like... I'm not so certain we need to decide how you prosecute a sexting case in Pennsylvania. This is on a preliminary injunction. It's on counts two and three of your complaint, which you've briefed very well on the issues of coercion, coerced speech, and parental rights. It seems to me that isn't that really the focus here, and shouldn't any injunction be tied to a finding about that? Not whether you can prosecute or what statutes or what an investigation might show. Well, Your Honor, two points. Yes, I mean, we think that the two retaliation arguments that we have made are doctrinally sound. I mean, they fit into retaliation law. We're dealing with clear constitutional... Well, we'll come to that in a second, but let's finish up with this, because I have a question about retaliation law of real concern. Right, but the... Your Honor's question earlier about whether or not the injunction should have been against them going into the course, I actually, with all due respect, don't think is right, because the harm here, that sort of the initial harm here is the threat of prosecution, right? If you eliminate that threat of prosecution, then they don't have to go to that class. If you just enjoin the class, then the prosecution could go forward, and then they're stopped in state court defending this. You know, as the Supreme Court has said, they need not have to make that choice about whether to be enmeshed in state criminal proceedings, and that is irreparable harm, not only because you're forcing them to make that choice about whether to sort of insist on their constitutional rights or face criminal trial, but you've got a prosecutor who would be the defendant and is the defendant here, who has absolute qualified immunity, which means there's no damages action. So they're going to go through this agony, and these are juveniles of felony charges in state court with no possibility of recovery of damages down the road. For what? For, I mean, the court has these pictures, and I submit to the court that as a matter of law, just as Judge Mundley said, and, you know, at this point, you don't have to find that there really is no probable cause. We're in a preliminary injunction, so is it likelihood of success? We might agree with you that there's problems with this particular education program, and it may not be appropriate as an informal adjustment, but, I mean, should we be serving as a screening mechanism for sexting cases or any other types of cases? No, Your Honor. The federal court should stand as a bar to any state official who is imminently violating or threatening to violate somebody's constitutional rights, and that's what Judge Mundley did in this case. He looked at this and found that the district attorney is threatening to bring serious felony charges, that looking at these photos, there's no way in content or context that they can rise to the level of child pornography. It's clear that those are the only two charges, Mr. – that the DA was intending at the hearing. He said, well, maybe there's others. Maybe there's public open ludity or open ludeness, I think, is the charge. That charge can't apply because that deals with live activity in public. It's never been applied to a photograph, so that clearly – so, you know, there's no charges that could be brought on the basis of these young ladies who are posing in the photographs, and as Your Honor noted, I mean, under child pornography laws, these are considered the victims. Pennsylvania, as we talk about Pennsylvania's child pornography law, it's not called the child pornography law. It's called sexual abuse of a minor, and in this case, there is no evidence of any kind of abuse, and I know there was a lot of questioning about, well, was there more investigation? Couldn't you have done investigation? Why didn't you do that to strengthen your argument when you go back to the district court? He's threatening these charges. Why is he threatening charges if the investigation isn't completed? What is the – your claims two and three really talk about retaliation. You're seeking injunctive relief to bar the DA from retaliating against these children. What is the retaliation you're claiming? The retaliation is to bring – if the district attorney is threatening criminal charges, if he does not have probable cause to support those criminal charges, and we've asserted that he – The elements of a retaliation claim are the plaintiffs are engaged in a protected activity. The government responds with a retaliatory action, and the protected activity was the cause of the retaliatory action. Right. What is the protected activity you're talking about here? Well, we – there's three. We've argued two, which is the right not to be forced into this program, and the program is not just to discuss – If the – but what's – and then what's the – what is the retaliation? The retaliation is the threatened criminal prosecution where there is no probable cause. But don't you have a – the threat came before the action? The threat – Well, I mean, on the First Amendment one, which you really haven't focused on much, except in the supplemental briefing, which is the right to have themselves photographed, they have a First Amendment right, and you haven't focused on it. You focus on the second two, which is the right of the parents and the right against compelled speech. If it's the second two that you're focusing on and the offer is made to you that if you go through this education program, we will not bring an action against them, in that context, the retaliation has to be the action because the threat precedes the act of refusing to go into the program, correct? No. With all due respect, Your Honor, I think the threat is it's like the sword of Damocles hanging over you. You know, it's there. You know, the DA hangs it up. Then the DA tells you, look, it's hanging up there. And then, you know, and if you don't agree to this, we're going to cut the cord. Understood, but they haven't acted. I mean, it could be a bluff. Your Honor, they – And in the case of Kelly and Miller, it turns out it was a bluff. They said on the record it's not going to happen. But – and on the second two points, what is the conduct? The compelled speech, I'm not going, and I have a right to control my children, and I'm telling you I have that, and the retaliation has to be what a – what you may be saying is a continuing threat, but it really has to be the actual bringing of the charges. You know, Your Honor, you know, maybe we're getting back to sort of standing kind of law or a ripeness issue. This is pure logic. If the conduct is the right to take pictures of themselves, which you haven't focused on, count one, and then the threat comes, the threat of prosecution, in retaliation for that, I can understand that, retaliation claim at least being made. If the conduct is – if what happens is there's a threat and then the protected conduct comes into play, on your second and third points, the retaliation has to be the prosecution. Your Honor, I'm not quite sure why it can't be, and I think it is in this case, both. There's a threat because of – But the threat's already occurred. The threat occurred before the exercise of the constitutional rights. And then there is a meeting called for February 12th, 2008, by the district attorney where he brings all the children and the parents together. Yeah, and they ask him what's provocative, and he ducks the question and then ultimately says, look, I could have charged them tonight. Right, right, and says, you know, unless you go into this program where the girls are going to gain an understanding of why what it is they did is wrong. And, you know, wrong and criminal are, you know, two different things. I mean, this may be wrong in Mr. Skoumanik's mind, but he does not have – he does not have, as an elected public official, just because his sensibilities are offended, he cannot impose his particular orthodoxy. I mean, that's – But is there such a thing as anticipatory retaliation? I don't think it's – I mean, again, borrowing from standing law, we're talking about whether the threat is imminent. And, you know, I would go to – But normally what happens is those cases that you're attempting, you're saying that a statute is unconstitutional, and therefore I'm asking you before I'm indicted to enjoin the person bringing an action under the statute. Here we have Pennsylvania Supreme Court saying that the statute is constitutional, at least in the context in which it was decided. So it's almost like you're morphing the pre-enforcement injunction into another claim, another label, and it's called retaliation. Your Honor, first of all, the Pennsylvania Supreme Court has said that the statute is facially constitutional, but it acknowledged – That's the clause you're talking about. It's facially – right. Right. It's facially constitutional, but it acknowledged as it must following Ferber and Osborne that simple nudity without more is not enough. And so you have to go look at, you know, what Osborne said. And Osborne again said that, and they had to reinterpret or look at the Ohio Supreme Court's limiting interpretation to say, you know, this stands because it doesn't extend to simple nudity. So it's the fact that the Supreme Court has said that it's facially constitutional doesn't mean that it's not being applied in an unconstitutional fashion. And I think, you know, as we've argued in our brief, it's clear that there's absolutely no probable cause, even under Pennsylvania law, to say that this is child pornography. And if it was interpreted in that fashion, then you run into Osborne, you run into Washburn versus Reese. And why is there no probable cause under the Pennsylvania statute to bring an action against them if they have information, which I don't think is in the record yet, but assuming that information that the one child transmitted pictures of herself. Your Honor, first of all, there's absolutely nothing in the record. Assume. Right, okay, so let's assume. So I think we have to go back and look at sort of the genesis of child pornography law. And if you look at sort of the Ferber-Osborne Free Speech Coalition trilogy. Ferber and Osborne talk about possession. Right, but they talk about possession. But sort of what animates those decisions is that the unprotected speech generally is obscenity. We're going to relax that obscenity standard and allow prosecutions, even if you don't meet the Miller test. And the reason we're going to do that is because you have abuse and exploitation of minors, which is a horrible crime. And as Your Honor noted in Heckway just on Monday, it's horrible because it's enduring. That's out there. You mean Heckway? Right. But when you read Ashcroft v. Free Speech Coalition, what they talk about in there is that because you have no abuse and exploitation of children when you're dealing with virtual child pornography, which is the justification for relaxing the obscenity standard, then you're under the obscenity standard, even when it comes to minors. But now that obscenity standard could be interpreted in a different way because what's obscene for an adult may be different than what's obscene for a minor. So whether she transmitted this or not, unless they've got evidence of abuse and exploitation, then you're under the obscenity standard in order to prosecute her. And if they have evidence that she was abused and exploited, why are they charging her? She's the victim in this crime. I mean, that's one of the things that we find most offensive in what's going on here because as Your Honor noted, child pornography laws, including Pennsylvania's, and the Pennsylvania courts have said this, these child pornography laws are a shield against abuse by predators, by people who are trying to commercially exploit these youths. That's not what's going on here. You've got a prosecutor who's trying to use this as a sword. But Mr. Donahue's response is there's other areas where there are things that could be quite dangerous that we prohibit people from engaging in, and if they do, they could be prosecuted. If they are criminal. Driving before 16, for example. Absolutely, Your Honor. But the difference is, and, you know, we haven't said that there's no photographs of minors that could ever be prosecuted. What we have before this Court are two photographs, and we would say that this is not even a close call in terms of whether these two photographs, and the only evidence in the record, the only evidence that the DA had is that these girls appear in the photographs. They know nothing about the dissemination, and if they could have or should have done more investigation, then why are they threatening to bring these charges and to force these girls into this program? So in sum, we would urge this Court to affirm Judge Munley. We think that his decision is in every way doctrinally sound. And this District Attorney's Office, which really we think has a misunderstanding, fundamental misunderstanding, not only of Pennsylvania's child pornography law, but also the authority of its office. Thank you. Mr. Donahue. I don't know if I'll need three minutes, Your Honor. It may be up to you. But counsel in his argument said for the first time that this picture of Jamie Day, overlooking evidence of how it was transmitted or whether she was the party who transmitted it, the transmission of this picture is protected by the First Amendment. A child's transmission of this picture containing nudity of herself is protected by the First Amendment. I don't think that is a proper argument. I don't think that's a proper statement of the law. Number one, since it did contain nudity and it was end. And the district court didn't find that either. The district court didn't go there, right? The district court didn't go there. This court asked for supplemental specific briefing on it. And it is before the court, and that argument is made. Courts have always universally recognized that the First Amendment rights of children are constrained. They're not the same as the adults. And while an adult person, considering all the risks, might have the right to transmit a naked picture of herself, a child simply does not. It's too dangerous. It's simply too dangerous. And it can properly be prevented. The court, and your Honor, Judge Chigares, has focused on the one portion, one line, in the curriculum of the corrective course for the female group. If you look at it in its entirety, to learn about sexual violence and its effects on victims, to understand behavior which fosters and encourages violence against children, to identify ways to prevent and avoid sexual violence, and apply this information and learn in everyday life, the two-page syllabus is, I think, right on, and an appropriate syllabus to teach kids about the dangers of transmitting naked pictures of themselves. Clearly, this is something that we've seen news stories on it, we've seen, obviously, far or tales of far more being done in terms of, quote, sexting, close quote, than what you have here. What you're saying is that you can bring an action for, in effect, among other statutes, sexual abuse of a minor, for a minor, herself, transmitting a picture of herself without a topos. For the purpose, yes. Depiction for the purpose of sexual gratification and stimulation of her fellow middle school classmates, yes. Absolutely, Your Honor. The statute does not apply to adults. Isn't there a rule of reason somewhere here? I don't think so. If the kids are the ones who are the moving force in sending these images around the Internet, and as I said before, images of naked children draw predators like a swamp draws mosquitoes. I think everybody who was a party in doing this is a possible defendant under the umbrella of that statute. Your Honor, the way you're proceeding, it's black or white. I mean, if somebody does it and they send it out, that's it. We can prosecute. There's always discretion here. I think there's always discretion in the way it would have. Under the juvenile law, it's all about rehabilitation. It's all about getting the kids pointed in the right direction. That's why District Attorney Skoumanik did this. He did everything he could to avoid bringing these kinds of prosecutions against these kids. And I would close by reminding the court. Let me ask you a question. Are you aware of any action by the Pennsylvania legislature dealing with this problem in particular? I understand there is a piece of legislature exactly focusing on this, Your Honor. And I would only close by reminding the court that the proceeding before Judge Munley was not an omnibus motion or a pretrial conference where the district attorney has the burden to prove that he's ready to go to trial and has all his ducks in a row. He doesn't have to prove that he is prepared to put on a case to prove guilt beyond a reasonable doubt. It is the plaintiffs who have the obligation to prove that they were not guilty and that there is virtually no chance of success at the time of trial. Thank you very much. Thank you to both counsel for very well presented arguments. We'll take the matter under advisement.